IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PBS&J CONSTRUCTORS, INC.,

    Plaintiff,

v.

I.L. FLEMING, INC.,

    Defendant.

1:11-cv-1785-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim and for Entry of Default (the "Motion") [55].

**I.   BACKGROUND**

This matter involves a dispute over government contracts. PBS&J Constructors, Inc. ("PBS&J" or "Plaintiff"), a subcontractor, sought recovery from I.L. Fleming, Inc. ("Fleming" or "Defendant"), a prime contractor, for damages arising from breaches of government contracts for military base construction projects procured by the United States Army Corps of Engineers, ("USACE"), and for damages incurred on three Fleming projects terminated for default by USACE. PBS&J claims these contracts were required to be completed by PBS&J, the indemnitor of the performance bond sureties. Fleming denied the allegations and

filed a counterclaim asserting breach of the subcontracts by PBS&J, including claims arising from express indemnification provisions in the subcontracts, and tortious interference with Fleming's prime contracts with USACE.  Fleming also alleged that PBS&J exercised improper and illegal control over an escrow agreement into which contract payments were made.

The Motion is premised on the Court's order dated December 23, 2013 (the "December 23rd Order").  In the December 23rd Order, the Court allowed counsel for Fleming to withdraw from its representation of Fleming.   Defendant was advised, in the order, that because Fleming is a corporation it had to be represented in this action by an attorney.  Fleming was ordered to "provide the name, address, and telephone number of new counsel and that counsel shall file a notice of appearance" in this action.  December 23rd Order at 1.  These requirements were to be met by January 13, 2014.  Id.  Fleming was told: "[f]ailure to comply with this Order of the Court could result in default judgment or other action prejudicing the interest of Defendant in this litigation."  Id. at 1-2.

On January 16, 2014, Plaintiff first sought relief for Fleming's failure to retain substitute counsel by filing its Motion Pursuant to Joint Proposal and Stipulation to Enforce Escrow Agreement [52].  The motion, which was deemed

unopposed in the absence of a response by Fleming, was granted on April 28, 2014 [53].

On May 20, 2015, more than a year after the date by which Defendant was required to identify its new counsel, and after the Court granted Plaintiff's Motion Pursuant to Joint Proposal and Stipulation to Enforce Escrow Agreement, Plaintiff filed the Motion.  In the Motion, Plaintiff now seeks entry of default against Fleming and that Fleming's counterclaim against Plaintiff be dismissed.

## II.   DISCUSSION

It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).  This rule reflects the "ancient common law tradition" that a corporation can only appear in court by an attorney.  Beaudreault v. ADF, Inc., 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (citing Osborn v. Bank of the United States, 22 U.S. 738, 830 (1824)). See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (interpreting the rule prohibiting corporations from appearing *pro se* to apply to all artificial entities); see also Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("A corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate

officer appearing *pro se.*"); Gilly v. Shoffner, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) (citing cases).

The Local Rules of this Court reflect longstanding case law that "a corporation may only be represented in court by an attorney . . . and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the State of Georgia." LR 83.1E(2)(b)(I), NDGa.

Here, Fleming was ordered to identify the counsel who would represent the company after its original counsel withdrew. New counsel also was required to make their appearance in the case. Fleming failed to comply with either requirement.

This matter was closed on July 31, 2012. The case was terminated following a resolution reached by the parties on January 24, 2012, during a hearing conducted by the Court. There has not been any substantive activity in the case after January 24, 2012, which confirms the Court's understanding that the dispute was resolved on January 24, 2012, now almost four years ago. For this reason, Plaintiff's motion for default, to the extent it requests default on Plaintiff's Complaint, is denied because the claims were resolved, the request for entry of default is untimely and otherwise not appropriate based on the failure to appoint

substitute counsel as required under the Court's December 23, 2013, Order. The motion for entry of default on Plaintiff's Complaint is denied as moot. The Court now turns to Plaintiff's request for dismissal of Fleming's counterclaim.

There is a general principle imbedded in Rule 55(a) of the Federal Rules of Civil Procedure. Specifically, Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The embedded principle is that when a party fails to defend against claims asserted, the defendant is deemed to have abandoned their right to defend. This principle applies where a defendant entity chooses to abandon the defense of a claim by not retaining counsel to replace counsel originally retained.

This abandonment principle finds its way into our local rules. Local Rule 83.1 requires an attorney moving to withdraw to advise a corporate client: "a corporation may only be represented by an attorney, that at [sic] attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that *failure to comply with this rule could result in a default* being entered against the corporate party." LR 83.1E(2)(b)(I), NDGa.

(emphasis added). Default is appropriate under the "otherwise defend" provision of Rule 55(a) where a corporation, following withdrawal of its former counsel, fails to retain new counsel and thereby indicates an intent not to defend itself. See Bakewell v. Fed. Fin. Group, Inc., 2007 WL 4079446, at *1 (N.D. Ga. Oct. 31, 2007) (default entered where defendant corporation failed to retain new counsel after withdrawal of previous counsel); Microsoft Corp. v. Moss, 2007 WL 2782503, at *1 (N.D. Ga. Sept. 20, 2007); Shapiro Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2nd Cir. 1967) (corporation's failure to appoint new counsel necessitated default under Rule 55(a) for failing to "otherwise defend."); Rhino Assoc. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (same); Bankers Nat'l Life Ins. Co. v. Cont'l Nat'l Corp., 91 F.R.D. 448, 450 (N.D. Ill. 1981) (same).

The same reasoning applies where a party asserts a claim—in this case a counterclaim—and abandons the claim by failing to retain counsel to prosecute it. See LR 41.3A (permitting the Court to dismiss a case for want of prosecution if a plaintiff willfully fails to make a case ready for trial, fails to obey a lawful order of the court, or a case has been pending more than six months without any substantial proceedings of record). Here Fleming failed, for almost two years, to identify counsel to represent it in this action. Failure to do so is deemed to constitute an

abandonment of the counterclaim, and for this reason the motion to dismiss the counterclaim is granted.

### III. CONCLUSION

Based on the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim and for Entry of Default [55] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Plaintiff's motion to dismiss Defendant's counterclaim. It is **DENIED** with respect to the motion for default.

**SO ORDERED** this 2nd day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE